**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

| | |
|---|---|
| **In re:** | **Chapter 11** |
|    **East Fourteenth Gardens Inc.,** | |
|    **Philmont Square Inc.,** | **Case Nos.: 09-47792-cec** |
| | **09-47793-cec** |
|    **Debtor.** | |
| | **(Jointly Administered)** |

------------------------------------------------------------x

## CONTINUED OBJECTION TO RETENTION OF DEBTOR'S ATTORNEY

Marke Holdings, LLC. ("Marke") by and through its counsel, Spector Gadon & Rosen, P.C. hereby files this continued objection to the retention of the Law Offices of David Carlebach, Esquire as counsel to the Debtor in the above caption case:

1. Marke incorporates by reference its Limited Objection to the Retention of Debtor's Attorney [Docket No.: 19]

2. On November 20, 2009, the Debtor's President Yehuda Nelkenbaum filed an Affirmation with this Court in support of the retention of David Carleback, Esquire as attorney for the Debtor in this matter.

3. In paragraph 2 of the Affirmation, Mr. Nelkenbaum discloses that one of his affiliates funded "a portion of the initial retainer". There is no disclosure of whom or what entity funded the remainder of the retainer.

4. Additionally, Mr. Nelkenbaum states in paragraph 4 of the Affirmation that he personally is not a "creditor" of the Debtor. Despite that statement, Mr. Nelkenbaum does have claims against the Debtor. Mr. Nelkenbaum is liable jointly and severally with the Debtor on a certain judgment entered by the United States District Court for the Eastern District of Pennsylvania in the amount of $7,581,529.41. As a matter of common and statutory law, Mr. Nelkenbaum has a right of contribution against the Debtor for all amounts paid by him under the

judgment and that right has not been waived in his Affirmation. Consequently, Mr. Nelkenbaum is potentially one of the largest secured creditors of the estate.

5.    Moreover and perhaps more difficult, Mr. Nelkenbaum has filed to date, multiple challenges to the judgment in the District Court. These challenges were filed solely on Mr. Nelkenbaum's behalf and may be adverse to the interests of this estate.

6.    While the District Court has denied these challenges to date, these challenges have substantially increased the costs to the Debtor (as the Debtor is contractually liable for all costs of collection pursuant to the loan documents) and have resulted in no net benefit to the estate. They are simply filed in an effort to hinder and delay collection of the judgment against Mr. Nelkenbaum, individually. This delay is of no benefit to the estate.

7.    Additionally, it is apparent that despite collecting rents pre-petition from the tenants of the Brooklyn property, which is sole asset of the estate in East Fourteen Gardens Inc., Case Number: 1-09-47792, the Debtor did not pay the loan, taxes or operating expenses of the property for over two years. The schedules of the Debtor in East Fourteen Gardens do not reflect any substantial bank deposits. Accordingly it would not be far fetched to assume that the rental income from East Fourteen Gardens may have been diverted to other business entities controlled by Mr. Nelkenbaum including, but not limited to Allstar Management Group, Inc.

For the foregoing reasons, Marke respectfully requests that this Court deny the application to retain counsel for the Debtor until such time as a full disclosure of the source of the whole retainer is made to this Court and to the parties and full disclosure is made of any affiliate transfers made by companies controlled by Mr. Nelkenbaum.

Dated: November 23, 2009

                  Spector, Gadon & Rosen, P.C.
                  Attorney for Marke Holding, LLC
                  /s Michael J. Shavel (MS-7377)
                  Michael J. Shavel