**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | |
|---|---|
| **In re** | **Chapter 11** |
| **East Fourteen Gardens Inc.,** | **Case No. 09-47792-cec** |
| **Debtor.** | |

-------------------------------------------------------------x

### EAST FOURTEEN GARDENS INC.'S PLAN OF REORGANIZATION, DATED DECEMBER 8, 2009

### ARTICLE I
### SUMMARY.

1.01  This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Bankruptcy Code") proposes to pay the administrative expenses and priority tax creditors of East Fourteen Gardens Inc. (the "Debtor") in full on the Effective Date from the business operating account, the secured creditors will be paid in accordance with the terms as set forth below.

1.02  This Plan provides for 3 classes of secured claims; 1 class of priority unsecured claims, 1 class of unsecured claims; and 1 class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 10 cents on the dollar. This Plan also provides for the payment of administrative and priority claims in full.

1.03  All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A Disclosure Statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. *Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)*

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS.

2.01  <u>Class I</u>.  **Classification:** Class I consists of the secured claim of Marke Holdings Inc., which holds a mortgage on the Debtor's property located at 1317 East Fourteen Street, Brooklyn, New York, in the amount of $7,670,680.96.  Class I is an impaired class.

**Treatment:** Class I claim shall be paid over three years in deferred cash payments of a value as of the Effective Date of the Plan equal to the amount of such claim. It is not clear whether this claim is fully or partially secured based on the value of the Debtor's existing assets.

2.02 <u>Class II.</u> **Classification:** Class II consists of the secured claim of the NYC Water Board, which holds a lien on the Debtor's on the Debtor's property located at 1317 East Fourteen Street, Brooklyn, New York, in the amount of $26,696.24. Class II is an unimpaired class.

**Treatment:** Class II claim shall be paid in full on the Effective Date of the Plan using funds in Debtor's operating account with the remaining balance to be contributed by Debtor's Principals.

2.03 <u>Class III</u>. **Classification:** Class III consists of the secured claim of the NYCTL 2009 -A Trust Xspand, which holds a lien on the Debtor's on the Debtor's property located at 1317 East Fourteen Street, Brooklyn, New York, in the amount of $181.633.08. Class III is an unimpaired class.

**Treatment:** Class III claim shall be paid in full on the Effective Date of the Plan using funds in Debtor's operating account with the remaining balance to be contributed by Debtor's Principals.
.
2.04 <u>Class IV</u>. **Classification:** Class IV consists of all the Priority Unsecured Claims of the New York State Department of Taxation and Finance in the amount of $24,845.00. Class IV is an unimpaired class.

**Treatment:** Class IV claim shall be paid in full on the Effective Date of the Plan using funds in Debtor's operating account with the remaining balance to be contributed by Debtor's Principals.

2.05 <u>Class V</u>. **Classification:** Class V consists of all the non-Insider general unsecured claims against the Debtor. The general unsecured claims scheduled by the Debtor total $1,021,188.89. Class V is an unimpaired class.

**Treatment:** Class V claims shall be receive distributions, which the proponent of this Plan has valued at approximately 10 cents on the dollar.

2.06 <u>Class VI.</u>. **Classification**: Class VI claims consist of holders of Interests. The Debtor's Equity Interest Holder is Yehuda Nelkenbaum. Class VII is an unimpaired class.

**Treatment:** Class VI claim holder of an interest shall retain its equity interest in the Debtor at confirmation.

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS.

3.01 <u>Unclassified Claims</u>. Under section §1123(a)(1) of the Bankruptcy Code, administrative expense claims, "gap" period claims in an involuntary case under § 502(f) of the Bankruptcy Code, and priority tax claims are not in classes.

3.02 <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under § 503 of the Bankruptcy Code, and a "gap" claim in an involuntary case allowed under § 502(f) of the Code, will be paid in full on the Effective Date of this Plan(as defined in Article VII), in cash.

3.03 <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Planwill be paid on the Effective Date.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE Plan.

4.01 Claims and interests shall be treated as follows under this Plan:

| Class # | Description | Insider | Impairment | Treatment |
|---|---|---|---|---|
| I | *Secured claim of:* Marke Holdings, LLC<br><br>Collateral description: First Mortgage on Debtor's property located at: 1317 East 14th Street, Brooklyn, NY 11234<br><br>Priority Amount: $7,670,682.96 | NO | impaired | Paid over three years in deferred cash payments of a value as of the Effective Date of the Plan equal to the allowed amount of such claim. It is not clear whether this claim is fully or partially secured based on the value of the Debtor's existing assets. |
| II | *Secured claim of:* NYC Water Board<br><br>Collateral description: Secured lien on Debtor's property located at: 1317 East 14th Street, Brooklyn, NY 11234<br><br>Priority Amount: $26,696.24 | NO | unimpaired | Paid in full on the Effective Date. |

| | | | | |
|---|---|---|---|---|
| III | *Secured claim of:*<br>NYCTL 2009-A Trust<br>XSPAND<br>Diane Ilacqua<br>c/o Xspand<br><br>Collateral description:<br>Secured Lien on Debtor's property located at: 1317 East 14th Street, Brooklyn, NY 11234<br><br>Secured Amount:<br>$181,633.08 | NO | unimpaired | Paid in full on the Effective Date. |
| IV | *Priority Unsecured Claim of:*<br>New York State Dept. of Taxation and Finance<br><br>Non-Priority Amount:<br>$24,845.00 | No, | unimpaired | Paid in full on the Effective Date. |
| V | Non-Insider General Unsecured claims of:<br>all allowed non-insider general unsecured claims scheduled by the Debtor. (See ECF 19, Schedule F)<br><br>Non-Priority Amount:<br>$1,021,188.89 | NO | impaired | Non-Insider general unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately five (5) cents on the dollar. |

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| VI | Equity Interest Holder:<br>Yehuda Nelkenbaum<br><br>100% Equity interest holder | unimpaired | Will continue to retain equity interest in exchange for new value contribution. |

# ARTICLE V
**ALLOWANCE AND DISALLOWANCE OF CLAIMS AND RETENTION OF JURISDICTION.**

5.01  A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (I) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02  No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.04  The Court will retain jurisdiction over the case to hear any claim disputes and objections. This includes any pending tax certiorari proceedings involving the Debtor.  The Court will also retain jurisdiction to resolve any issues regarding the  Plan.


# ARTICLE VI
**PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES**.

6.01   Assumed Executory Contracts and Unexpired Leases.

All executory contracts and unexpired leases (except for tenant leases) are rejected on confirmation.  The Debtor is not aware of any executory contracts or unexpired leases.


# ARTICLE VII
**MEANS FOR IMPLEMENTATION OF THE PLAN.**

7.01  All allowed administrative expenses and allowed tax priority claims shall be paid in full by the Effective Date of the Plan by the Debtor using funds in Debtor's operating account with the remaining balance to be contributed by Debtor's Principal.

7.02  The allowed secured claims held by the mortgagee, Marke Holdings Inc. shall be paid from three (3) sources.  The Debtor will be embarking on a two (2) pronged plan for the Premises. Initially the Debtor intends on immediately renting up all the units on the Premises.  Presently, 17 out of 52 units are rented out, and the Debtor intends on renting out all the remaining units.  The additional rental income generated by those rentals will be used to pay down the indebtedness. Further, as the units are vacated they will be renovated and put on the market as condominiums. Pursuant to Article 23 of the NY General Business Law and 13 NYCRR Part 23, in order to covert an occupied building to condominiums, it must be no more than ten (10) percent vacant.  As such, in order to effectuate the conversion, the Debtor will first have to fully rent the Premises.

The proceeds of those condominium sales will be used to further reduce the indebtedness. After three (3) years, to the extent that the indebtedness has not been paid in full through rental proceeds and/or sales of condominiums units, the Debtor will either sell or refinance the Premises to pay off the remainder of the indebtedness.

      7.03   The allowed general unsecured claims scheduled by the Debtor will receive distributions, which the proponent of this Plan has valued at approximately five (5) cents on the dollar.

# ARTICLE VIII
# GENERAL PROVISIONS.

8.01 <u>Definitions and Rules of Construction.</u> The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan, and they are supplemented by the following definitions:

"<u>Bankruptcy Case</u>" shall mean this Chapter 11 bankruptcy case of the Debtors.

"<u>Bankruptcy Court</u>" shall mean the United States Bankruptcy Court for the Eastern District of New York.

"<u>Confirmation Date</u>" shall mean the date of the entry of the Confirmation Order.

"<u>Confirmation Order</u>" shall mean the order of the Court confirming the Plan.

"<u>Petition Date</u>" shall mean September 9, 2009, the date of filing of the Bankruptcy Case by the Debtors.

8.02  <u>Effective Date of Plan.</u> The Effective Date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03  <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04  <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Planwill be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05  <u>Captions.</u> The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this  Plan.

8.06  <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law, including the Code or the Federal Rules of Bankruptcy Procedure, the laws of the State of New York govern this Planand any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07  <u>Corporate Governance</u>.  Pursuant to § 1123(a)(6) of the Bankruptcy Code, the Debtor shall be prohibited from issuing any non-voting equity security.  The Debtor's equity security holder shall retain its voting power.

# ARTICLE IX
# NO DISCHARGE OF DEBTOR.

9.01 No Discharge. In accordance with § 1141(d)(3) of the Bankruptcy Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

Respectfully submitted,

Dated: New York, New York  **EAST FOURTEEN GARDENS INC.**
December 8, 2009

By: s/Yehuda Nelkenbaum, President
    Yehuda Nelkenbaum, President

**LAW OFFICES OF DAVID CARLEBACH, ESQ.**
Attorneys for Debtor

By:  s/ David Carlebach (dc-7350)
    David Carlebach (DC-7350)
    40 Exchange Place
    New York, New York 10005
    (212) 785-3041