**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**-------------------------------------------------------------x**

**In re**                                              **Chapter 11**

   **Philmont Square Inc.,**                           **Case No. 09-47793-cec**

                           **Debtor.**

**-------------------------------------------------------------x**


### PHILMONT SQUARE INC.'S PLAN OF REORGANIZATION, DATED DECEMBER 8, 2009

### ARTICLE I
### SUMMARY.

     1.01  This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Bankruptcy Code") proposes to pay the administrative expenses and priority tax creditors of Philmont Square Inc. (the "Debtor") in full on the Effective Date from the business operating account, the secured creditors will be paid in accordance with the terms of that certain Mortgage Loan Agreement, which requires monthly payments.

     1.02  This Plan provides for 5 classes of secured claims; 1 classes of unsecured claims; and 1 class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100 cents on the dollar. This Plan also provides for the payment of administrative and priority claims in full.

     1.03  All creditors and equity security holders should refer to Articles III through VI of this Planfor information regarding the precise treatment of their claim. An Disclosure Statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. ***Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)***

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS.

     2.01  <u>Class I</u>.  **Classification:** Class I consists of the secured claim of Marke Holdings Inc., which holds a mortgage on the Debtor's property located at 2381 Philmont Avenue, Huntingdon, Pennsylvania, in the amount of $6,434,457.64.

    **Treatment:** Class I claim bears two alternatives for Plan treatment:

<u>Alternative A</u>: If the Court agrees with Marke that the Rents are not property of the Estate then Marke has already been paid in full by virtue of taking all the tenant Rents in perpetuity as of December 17, 2008. Marke in effect, took possession of the Property, which is worth at least the amount of the claim. As such, Marke has been paid in full. Class I, Alternative A, is an unimpaired class.

<u>Alternative B</u>: If this Court determines that the Rents are property of the Estate, then the claim will be paid over three years in deferred cash payments of a value as of the Effective Date of the Plan equal to the amount of such claim. It is not clear whether this claim is fully or partially secured based on the value of the Debtor's existing assets. Class I, Alternative B, is an impaired class.

2.02 <u>Class II</u>. **Classification:** Class II consists of the secured claim of E&M Engineering, Inc., which holds a lien on the Debtor's property located at 2381 Philmont Avenue, Huntingdon, Pennsylvania, in the amount of $7,052.93. Class II is an unimpaired class.

**Treatment:** Class II claim shall be paid in full on the Effective Date of the Plan using funds in Debtor's operating account with the remaining balance to be contributed by Debtor's Principals.

2.03 <u>Class III</u>. **Classification:** Class III consists of the secured claim of Lower Moreland Township, Sewer System Management, which holds a lien on the Debtor's property located at 2381 Philmont Avenue, Huntingdon, Pennsylvania, in the amount of $8,137.61. Class III is an unimpaired class.

**Treatment:** Class III claim shall be paid in full on the Effective Date of the Plan using funds in Debtor's operating account with the remaining balance to be contributed by Debtor's Principals.

2.04 <u>Class IV</u>. **Classification:** Class IV consists of the secured claim of Lower Moreland Township, Tax Claim Bureau, which holds a lien on the Debtor's property located at 2381 Philmont Avenue, Huntingdon, Pennsylvania, in the amount of $84,504.82. Class IV is an unimpaired class.

**Treatment:** Class IV claim shall be paid in full on the Effective Date of the Plan using funds in Debtor's operating account with the remaining balance to be contributed by Debtor's Principals.

2.05 <u>Class V</u>. **Classification:** Class V consists of the secured claims of Montgomery County, Treasurer's Department, which holds a lien on the Debtor's property located at 2381 Philmont Avenue, Huntingdon, Pennsylvania, in the amount of $237,667.94. Class V is an unimpaired class.

**Treatment:** Class V claims shall be paid in full on the Effective Date of the Plan using funds in Debtor's operating account with the remaining balance to be contributed by Debtor's Principals.
.

2.06 <u>Class VI</u>. **Classification:** Class VI consists of the secured claims of Waste Systems Authority of Eastern Montgomery County, which holds a lien on the Debtor's property located at 2381

Philmont Avenue, Huntingdon, Pennsylvania, in the amount of $7,838.00. Class VI is an unimpaired class.

**Treatment:** Class VI claims shall be paid in full on the Effective Date of the Plan using funds in Debtor's operating account with the remaining balance to be contributed by Debtor's Principals.

2.07 Class VII. **Classification:** Class VII consists of the Priority Unsecured Claims of New York Department of Taxation and Finance, in the amount of $45,445.00. Class VII is an unimpaired class.

**Treatment:** Class VII claims shall be paid in full on the Effective Date of the Plan using funds in Debtor's operating account with the remaining balance to be contributed by Debtor's Principals.

2.08 Class VIII. **Classification**: Class VIII consists of the Priority Unsecured Claims of Lower Moreland Township in the amount of $9,071.90. Class VIII is an unimpaired class.

**Treatment:** Class VIII claims shall be paid in full on the Effective Date of the Plan using funds in Debtor's operating account with the remaining balance to be contributed by Debtor's Principals.

2.09   Class IX. **Classification:** Class IX consists of all the non-Insider general unsecured claims against the Debtor. The general unsecured claims scheduled by the Debtor total $1,125,785.21. Class IX is an unimpaired class.

**Treatment:** Class IX claims shall be receive distributions, which the proponent of this Plan has valued at approximately five (5) cents on the dollar.

2.06 Class X. **Classification**: Class X claims consist of holders of Interests. The Debtor's Equity Interest Holder is Yehuda Nelkenbaum. Class X is an unimpaired class.

**Treatment:** Class X claim holder of an interest shall retain its equity interest in the Debtor at confirmation.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS.

3.01 Unclassified Claims. Under section §1123(a)(1) of the Bankruptcy Code, administrative expense claims, "gap" period claims in an involuntary case under § 502(f) of the Bankruptcy Code, and priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim under § 503 of the Bankruptcy Code, and a "gap" claim in an involuntary case under § 502(f) of the Code, will be paid in full on the Effective Date of this Plan(as defined in Article VII), in cash.

3.03 United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to

another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Planwill be paid on the Effective Date.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE Plan.

4.01  Claims and interests shall be treated as follows under this Plan:

| Class # | Description | Insider | Impairment | Treatment |
|---|---|---|---|---|
| I | *Secured claim of:* Marke Holdings, LLC<br><br>Collateral description: First Mortgage on Debtor's property located at: 2381 Philmont Avenue, Huntingdon Valley, Pennsylvania<br><br>Secured Amount: $6,434,457.64 | NO | unimpaired (Alternative A)<br><br><br><br><br><br>impaired (Alternative B) | Alternative A: If the Court agrees with Marke that the Rents are not property of the Estate then Marke has already been paid in full by virtue of taking all the tenant Rents in perpetuity as of December 17, 2008. Marke in effect, took possession of the Property, which is worth at least the amount of the claim. As such, Marke has been paid in full.<br><br>Alternative B: If this Court determines that the Rents are property of the Estate, then the claim will be paid over three years in deferred cash payments of a value as of the Effective Date of the Plan equal to the amount of such claim. This claim is fully secured based on the value of the Debtor's existing assets. |
| II | *Secured claim of:* E&M Engineering, Inc.<br><br>Collateral description: Secured lien on Debtor's property located at: 1317 East 14th Street, Brooklyn, NY 11234<br><br>Secured Amount: $7,052.93 | NO | unimpaired | Paid in full on the Effective Date. |
| III | *Secured claim of:* Lower Moreland Township Sewer System Mgmt.<br><br>Collateral description: Secured lien on Debtor's property located at: 1317 East 14th Street, Brooklyn, NY 11234<br><br>Secured Amount: | NO | unimpaired | Paid in full on the Effective Date. |

|  |  |  |  |  |
|---|---|---|---|---|
|  | $8,137.61 |  |  |  |
| IV | *Secured claim of:*<br>Lower Moreland Township<br>c/o Tax Claim Bureau<br><br>Collateral description:<br>Secured Lien on Debtor's property located at: 1317 East 14th Street, Brooklyn, NY 11234<br><br>Secured Amount:<br>$84,504.82 | NO | unimpaired | Paid in full on the Effective Date. |
| V | *Secured claim of:*<br>Montgomery County Treasurer's Dept.<br>2009 County and Township Trash Bill<br>2008 County and Township Trash Bill<br>2008 School Real Estate Taxes<br>2007 School Real Estate Taxes<br><br>Collateral description:<br>Secured Lien on Debtor's property located at: 1317 East 14th Street, Brooklyn, NY 11234<br><br>Secured Amount:<br>$237,667.94 | NO | unimpaired | Paid in full on the Effective Date. |
| VI | *Secured claim of:*<br>Waste Sys. Auth. Of Eastern Montgomery County Municipal Waste Generation Fee 2008-38690, 2008, 2009<br><br>Collateral description:<br>Secured Lien on Debtor's property located at: 1317 East 14th Street, Brooklyn, NY 11234<br><br>Secured Amount:<br>$7,838.00 | NO | unimpaired | Paid in full on the Effective Date. |

| Class # | Description | Insider | Impairment | Treatment |
|---|---|---|---|---|
| VII | *Priority Unsecured Claim of:* New York State Dept. of Taxation and Finance<br><br>Non-Priority Amount: $45,445.00 | No, | unimpaired | Paid in full on the Effective Date. |
| VIII | *Priority Unsecured Claim of:* Lower Moreland Township<br><br>Non-Priority Amount: $9,071.90 | No, | unimpaired | Paid in full on the Effective Date. |
| IX | *Non-Insider General Unsecured claims of:* all non-insider general unsecured claims scheduled by the Debtor. (See ECF 19, Schedule F)<br><br>Non-Priority Amount: $1,125,758.21 | NO | unimpaired | Non-Insider general unsecured creditors holding claims will receive distributions, which the proponent of this Plan has valued at approximately 10 cents on the dollar. |

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| X | Equity Interest Holder: Yehuda Nelkenbaum<br><br>100% Equity interest holder | unimpaired | Will continue to retain equity interest. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS AND RETENTION OF JURISDICTION.

5.01 A disputed claim is a claim that has not been or dis [by a final non-appealable order], and as to which either: (I) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02  No distribution will be made on account of a disputed claim unless such claim is [by a final non-appealable order].

5.03  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.04  The Court will retain jurisdiction over the case to hear any claim disputes and objections. This includes any pending tax certiorari proceedings involving the Debtor. The Court will also retain jurisdiction to resolve any issues regarding the Plan.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES.

6.01  Assumed Executory Contracts and Unexpired Leases.

All executory contracts and unexpired leases (except for tenant leases) are rejected on confirmation. The Debtor is not aware of any executory contracts or unexpired leases.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN.

7.01  All administrative expenses and tax priority claims shall be paid in full by the Effective Date of the Plan by Debtor using funds in Debtor's operating account with the remaining balance to be contributed by Debtor's Principal.

7.02  The secured claims held by the mortgagee shall be paid in accordance with one of the following two alternatives:

Alternative A: If the Court agrees with Marke that the Rents are not property of the Estate then Marke has already been paid in full by virtue of taking all the tenant Rents in perpetuity as of December 17, 2008. Marke in effect, took possession of the Property, which is worth at least the amount of the claim. As such, Marke has been paid in full.

Alternative B: If this Court determines that the Rents are property of the Estate, then the claim will be paid over three years in deferred cash payments of a value as of the Effective Date of the Plan equal to the amount of such claim. This claim is fully secured based on the value of the Debtor's existing assets.

7.03  The allowed general unsecured claims scheduled by the Debtor will receive distributions, which the proponent of this Plan has valued at approximately five (5) cents on the dollar.

# ARTICLE VIII
# GENERAL PROVISIONS.

8.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan, and they are supplemented by the following definitions:

"Bankruptcy Case" shall mean this Chapter 11 bankruptcy case of the Debtors.

"Bankruptcy Court" shall mean the United States Bankruptcy Court for the Eastern District of New York.

"Confirmation Date" shall mean the date of the entry of the Confirmation Order.

"Confirmation Order" shall mean the order of the Court confirming the Plan.

"Petition Date" shall mean September 9, 2009, the date of filing of the Bankruptcy Case by the Debtors.

8.02  Effective Date of Plan. The Effective Date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03  Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04  Binding Effect. The rights and obligations of any entity named or referred to in this Planwill be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05  Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06  Controlling Effect. Unless a rule of law or procedure is supplied by federal law, including the Code or the Federal Rules of Bankruptcy Procedure, the laws of the State of New York govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07  Corporate Governance. Pursuant to § 1123(a)(6) of the Bankruptcy Code, the Debtor shall be prohibited from issuing any non-voting equity security. The Debtor's equity security holder shall retain its voting power.

## ARTICLE IX
## NO DISCHARGE OF DEBTOR.

      9.01 No Discharge.  In accordance with § 1141(d)(3) of the Bankruptcy Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

                                      Respectfully submitted,

Dated: New York, New York         **PHILMONT SQUARE INC.**
       December 8, 2009

                                        By: s/Yehuda Nelkenbaum, President
                                            Yehuda Nelkenbaum, President


                                        **LAW OFFICES OF DAVID CARLEBACH, ESQ.**
                                        Attorneys for Debtor

                                        By:   s/ David Carlebach (dc-7350)
                                            David Carlebach (DC-7350)
                                            40 Exchange Place
                                            New York, New York 10005
                                            (212) 785-3041