| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>-----------------------------------------------------------x<br>**In re:**<br><br>**Philmont Square Inc.,**<br><br><br>**Debtor.**<br>-----------------------------------------------------------x | **Hearing: March 10, 2010**<br>**2:30 p.m.**<br><br>**Chapter 11**<br><br>**Case No. 09-47793-cec** |

### DEBTOR'S MOTION FOR AN ORDER APPROVING STIPULATION OF SETTLEMENT PURSUANT TO F.R.B.P. 9019 AND FOR AN ORDER TO DISMISS PURSUANT TO 11 U.S.C. § 1112(b)

**TO:  THE HONORABLE CARLA E. CRAIG**
     **CHIEF UNITED STATES BANKRUPTCY JUDGE**

Philmont Square Inc., the debtor and debtor-in-possession herein, by its attorneys the Law Offices of David Carlebach, Esq., as and for its motion seeking an Order Approving a Stipulation of Settlement between the Debtor and the Landlord, Marke Holdings, LLC ("Marke" or the "Mortgagee") pursuant to the Federal Rules of Bankruptcy Procedure 9019 (the "FRBP"), and for an Order Dismissing the Debtor's Chapter 11 case without Prejudice pursuant to § 1112(b) of Title 11 of the United States Code (the "Bankruptcy Code"), respectfully represents as follows:

### GENERAL BACKGROUND

1.  On September 9, 2009 (the "Petition Date"), the Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is in the business of owning real estate and has continued to operate its business since the filing of the petition, as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2.  The Philmont premises is located at 2381 Philmont Avenue, Huntingdon Valley, Pennsylvania (the "Property"). The Property is a commercial complex comprised of approximately eighteen (18) commercial tenants, including retail, wholesale and light manufacturing.

3. On September 20, 2006, the Debtor entered into a Mortgage, Note, and Loan Agreement with Republic First Bank ("RFB") in which RFB loaned to the Debtor the sum of $6,400,000.00 (the "Mortgage").

**A. Assignment of Leases and Rents as Additional Security**

4. As additional security for the Debtor's obligations under the Note, the Debtor entered into an Assignment of Leases and Rents with RFB on September 20, 2006. The Assignment of Leases and Rents provides that so long as there is no event of default, the Debtor has a license to collect the rents (the "Rent") from any tenant of the Property. However, upon the occurrence of an event of default, RFB has the right to collect the Rents.

**B. Personal Guarantee of Debtor's Mortgage by the Debtor's Principal**

5. The Debtor's Principal, Yehuda Nelkenbaum, (the "Debtor's Principal") absolutely, irrevocably, and unconditionally personally guaranteed the Mortgage under a Guaranty and Suretyship Agreement, which was executed on September 20, 2006.

**C. Default on the Mortgage by the Debtor**

6. As a result of the Debtor's default on the Mortgage on December 12, 2008, the Debtor received a notice of default, and on December 17, 2008, RFB notified all of the tenants that they must pay all Rents directly to RFB.

7. On June 30, 2009, RFB assigned all of its rights under the Mortgage to Marke pursuant to an Assignment of Loan and Loan Documents.

8. On July 10, 2009, Marke sent a notice of demand for payment of the matured obligation to the Debtor; however, since the Debtor and the Debtor's Principal were unable to pay the amount due on the maturity date, Marke sent a Notice of Default and Acceleration of the Total

Balance Due.

### C. Prepetition Litigation

9. On July 29, 2009, Marke filed a Confession of Judgment for Money and Assessment of Damages in the Eastern District of Pennsylvania against the Debtor, Case No. 09-3406, and against the Debtor's Principal, Case No. 09-3407. On October 13, 2009, Marke filed the Confession of Judgment against the Debtor's Principal in the Eastern District of New York, Case No. 09-661.

10. On or about August 17, 2009, Marke filed a foreclosure and breach of assignment of leases proceeding against the Debtor in the Eastern District of Pennsylvania, Case No. 09-03764.

11. On September 9, 2009, the Debtor filed for relief under Chapter 11 of the United States Bankruptcy Court in the Eastern District of New York.

## PRESENT STATE OF THE DEBTOR'S AFFAIRS

12. On January 28, 2010, the Debtor and Marke reached a settlement with respect to the Mortgage and Debtor's estate. See Stipulation of Settlement annexed hereto as Exhibit A.

## STIPULATION OF SETTLEMENT BETWEEN THE DEBTOR AND MARKE

13. Pursuant to FRBP 9019(a), after notice and hearing the Court may approve a compromise or settlement. FRBP 9019(a). The Court's obligation is to canvass "the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re Interstate Cigar Co.*, 240 B.R. 816 (Bankr. E.D.N.Y. 1999). *ReGen Captial III, Inc. v. Official Comm. Of*

*Unsecured Creditors*, 282 B.R. 662 (8th Cir. 2002). ("A court's role in evaluating a proposed settlement under Rule 9019 is to determine if the settlement is in the best interest of the estate.")

14. The Debtor seeks to discontinue all pending litigation between the Debtor, the Debtor's Principal, and Marke and release each other from all pending and future claims. The Debtor's purpose of the bankruptcy filing was to reinstate the Mortgage and eventually refinance or sell the property and pay off the claim in full. However, as set forth above, upon the entry of the order of dismissal, the Debtor agrees to convey to Marke title to the Debtor's mortgaged property by a Deed in Lieu of Foreclosure.

15. In consideration of mutual promises, the Debtor, the Debtor's Principal, and Marke agree that the Judgment in favor of Marke is full and final and that the Debtor waives the right to appeal or contest the Judgement. Upon the execution of the Stipulation of Settlement, Marke may file a Writ of execution scheduling a United States Marshal Sale of the Debtor's Property.

16. Within 5 days of the entry of an order of dismissal of the Debtor's bankruptcy case, the Debtor also agrees to convey to Marke the Assignment of Debtor's rights under the Leases. The conveyances are free of any right of reinstatement or equitable right of redemption or other right or Debtor's interest.

17. The Stipulation of Settlement essentially contemplates a mutual waiver and release of all claims of the Debtor, the Debtor's Principal, and Marke against each other. The Debtor believes that the release it will get from Marke on the Mortgage is a good release. This decision takes into account the cost of litigation and the risks inherent in any litigation. In summary, the

Debtor believes that it is a sound exercise of its business judgment to enter into the Stipulation of Settlement.

## REQUEST FOR DISMISSAL PURSUANT TO 11 U.S.C. § 1112(b)

18.  Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the Court shall convert a case to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1). Unless the court specifically finds special circumstances, the case shall be converted or dismissed.

19.  The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. Section 1112(b)(4) provides a non-exhaustive list of examples constituting cause, including:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> * * *
>
> (M) inability to effectuate substantial confirmation of a confirmed plan[.]

11 U.S.C. § 1112(b)(4).

20.  The purpose of rehabilitation is to encourage financial restructuring and to encourage payments to creditors; however, when no or substantially no business is left to reorganize, chapter 11 cases do not serve those purposes and cause exists. *In re Great American Pyramid Joint Venture*, 140 B.R. 780, 791 (Bankr. W.D. Tenn. 1992). See also *In re: Winshall Settlor's Trust*, 758 F.3d

1136 (6th Cir. 1985). In determining whether to convert or dismiss a Chapter 11 case, the Court should consider the Debtor's lack of assets or whether a principal asset is no longer in the Debtor's estate. *In re: Great American Pyramid Joint Venture* at 791.

21. In the case at bar, Marke is the largest creditor in the Debtor's case, but that claim has been resolved through the Settlement Agreement and the conveyance to Marke of the Property and Assignment of Debtor's rights under the leases. The remaining creditors in the Debtor's case are insiders. Thus, it is in the best interests of the creditors and the estate to dismiss this case without prejudice.

22. Additionally, upon an entry by this Court of an order of dismissal, the Debtor requests that pursuant to § 349 of the Bankruptcy Code, that the Order approving this Motion pursuant to § 1112(b) survives dismissal of the Debtor's bankruptcy case.

23. Notwithstanding the request for dismissal, the Debtor also requests that United States District Court for the Eastern District of Pennsylvania retain exclusive and continuing jurisdiction over the Settlement Agreement as set forth below, since the situs of Debtor's Property is located in Huntingdon Valley, Pennsylvania.

**WHEREFORE,** the Debtor respectfully requests that (a) this Court enter an Order approving the Stipulation of Settlement Agreement between the Debtor and Marke; (b) this Court enter an Order approving the dismissal of the Debtor's case without prejudice; (c) the United States District Court for the Eastern District of Pennsylvania will retain exclusive and continuing jurisdiction over the terms, conditions, interpretations, implementation, and any and all disputes relating to the Stipulation of Settlement which may arise among and between the parties; and (d) granting such other and further relief the Court deems just and proper.

Dated:  New York, New York
        February 2, 2010

                              **LAW OFFICES OF DAVID CARLEBACH, ESQ.**

                              By:    s/David Carlebach DC-7350
                                     David Carlebach (DC-7350)
                                     40 Exchange Place
                                     New York, New York 10005
                                     (212) 785-3041