**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

| | |
|---|---|
| **In re** | **Chapter 11** |
| **East Fourteen Gardens Inc.,** | **Case No. 09-47792-cec** |
| **Debtor.** | |

-----------------------------------------------------------------x

# EAST FOURTEEN GARDENS INC.'S SECOND AMENDED PLAN OF REORGANIZATION, DATED MARCH 24, 2010

## ARTICLE I
## SUMMARY

1.01  This second amended Plan of Reorganization (the "Second Amended Plan") under chapter 11 of the Bankruptcy Code (the "Bankruptcy Code") proposes to pay the administrative expenses and priority tax creditors of East Fourteen Gardens Inc. (the "Debtor") in full on the Effective Date from the business operating account, the secured creditors will be paid in accordance with the terms as set forth below.

1.02    The secured claim of Marke Holdings, LLC ("Marke") shall be treated in accordance with the terms of the Stipulation of Settlement ("Settlement Agreement" or "Settlement") between the Debtor and Marke.  The Settlement Agreement is annexed hereto as Exhibit G.  The provisions of the Settlement Agreement, Order Approving Stipulation of Settlement Pursuant to F.R.B.P. 9019 and Order to Dismiss Pursuant to 11 U.S.C. Sec. 1112(b) (ECF 55) relevant to the Second Amended Plan are hereby incorporated into the Second Amended Plan

1.03  This Second Amended Plan provides for 3 classes of secured claims; 1 class of priority unsecured claims, 1 class of unsecured claims; and 1 class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Second Amended Plan has valued at approximately five (5) cents on the dollar. This Second Amended Plan also provides for the payment of administrative and priority claims in full.

1.04  All creditors and equity security holders should refer to Articles III through VI of this  Second Amended Plan for information regarding the precise treatment of their claim. A Disclosure Statement that provides more detailed information regarding this Second Amended Plan and the rights of creditors and equity security holders has been circulated with this Second Amended Plan. *Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)*

# ARTICLE II
# CLASSIFICATION OF CLAIMS AND INTERESTS.

2.01  Class I.  **Classification:** Class I consists of the secured claim of Marke Holdings Inc. ("Marke"), which holds a mortgage on the Debtor's property located at 1317 East Fourteen Street, Brooklyn, New York, in the amount of $7,980,810.65.  Class I is an impaired class.

**Treatment:** Class I claim shall be paid in accordance with the terms of that certain Settlement Agreement between the Debtor and Marke, the Debtor conveys to Marke title to the Debtor's Property by a Deed in Lieu of Foreclosure and to assign to Marke its rights under the leases.

2.02  Class II.  **Classification:** Class II consists of the secured claim of the NYC Water Board, which holds a lien on the Debtor's on the Debtor's property located at 1317 East Fourteen Street, Brooklyn, New York, in the amount of $26,696.24.  Class II is an unimpaired class.

**Treatment:** Class II claim shall be paid in full on the Effective Date of the Second Amended Plan using funds in Debtor's operating account with the remaining balance to be contributed by the Debtor's Principal.

2.03 Class III.  **Classification:** Class III consists of the secured claim of the NYCTL 2009 -A Trust Xspand, which holds a lien on the Debtor's on the Debtor's property located at 1317 East Fourteen Street, Brooklyn, New York, in the amount of $181.633.08.  Class III is an unimpaired class.

**Treatment:** Class III claim shall be paid in full on the Effective Date of the Second Amended Plan using funds in Debtor's operating account with the remaining balance to be contributed by Debtor's Principal.

2.04  Class IV.  **Classification:** Class IV consists of the secured claim of the New York City Dept. of Finance, which holds a lien on the Debtor's on the Debtor's property located at 1317 East Fourteen Street, Brooklyn, New York, in the amount of $998.37.  Class IV is an unimpaired class.

**Treatment:** Class IV claim shall be paid in full on the Effective Date of the Second Amended Plan using funds in Debtor's operating account with the remaining balance to be contributed by Debtor's Principal.

2.05  Class V.  **Classification:** Class V consists of all the Priority Unsecured Claims of the the New York City Dept. of Finance in the amount of $88,000.00.  Class V is an unimpaired class.

**Treatment:** Class V claim shall be paid in full on the Effective Date of the Second Amended Plan using funds in Debtor's operating account with the remaining balance to be contributed by Debtor's Principal.

2.06 Class VI.  **Classification**: Class VI consists of all the Priority Unsecured Claims of the the New York State Dept. of Taxation and Finance in the amount of $24,845.00.  Class VI is an

unimpaired class.

**Treatment:** Class VI claim shall be paid in full on the Effective Date of the Second Amended Plan using funds in Debtor's operating account with the remaining balance to be contributed by Debtor's Principal.

2.07 Class VII. Class VII consists of all the non-Insider general unsecured claims against the Debtor. The general unsecured claims scheduled by the Debtor total $1,021,188.89. Class VII is an unimpaired class.

**Treatment:** Class VII claims shall be receive distributions, which the proponent of this Second Amended Plan has valued at approximately five (5) cents on the dollar.

2.06 Class VIII. **Classification**: Class VIII claims consist of holders of Interests. The Debtor's Equity Interest Holder is Yehuda Nelkenbaum. Class VIII is an unimpaired class.

**Treatment:** Class VIII claim holder of an interest shall retain its equity interest in exchange for new value contribution at confirmation

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS.

3.01 Unclassified Claims. Under section §1123(a)(1) of the Bankruptcy Code, administrative expense claims, "gap" period claims in an involuntary case under § 502(f) of the Bankruptcy Code, and priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Bankruptcy Code, and a "gap" claim in an involuntary case allowed under § 502(f) of the Code, will be paid in full on the Effective Date of this Second Amended Plan (as defined in Article VII), in cash.

3.03 United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Second Amended Plan will be paid on the Effective Date.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE SECOND AMENDED PLAN.

4.01  Claims and interests shall be treated as follows under this Second Amended Plan:

| Class # | Description | Insider | Impairment | Treatment |
|---|---|---|---|---|
| I | *Secured claim of:* Marke Holdings, LLC<br><br>Collateral description: First Mortgage on Debtor's property located at: 1317 East 14th Street, Brooklyn, NY 11234<br><br>Priority Amount: $7,980,810.65 | NO | impaired | In accordance with the terms of that certain Settlement Agreement between the Debtor and Marke, the Debtor conveys to Marke title to the Debtor's Property by a Deed in Lieu of Foreclosure and to assign to Marke its rights under the leases. |
| II | *Secured claim of:* NYC Water Board<br><br>Collateral description: Secured lien on Debtor's property located at: 1317 East 14th Street, Brooklyn, NY 11234<br><br>Priority Amount: $26,696.24 | NO | unimpaired | Paid in full on the Effective Date. |
| III | *Secured claim of:* NYCTL 2009-A Trust XSPAND Diane Ilacqua c/o Xspand<br><br>Collateral description: Secured Lien on Debtor's property located at: 1317 East 14th Street, Brooklyn, NY 11234<br><br>Secured Amount: $181,633.08 | NO | unimpaired | Paid in full on the Effective Date. |
| IV | *Secured claim of:* New York City Dept. Of Finance | NO | unimpaired | Paid in full on the Effective Date. |

| | | | | |
|---|---|---|---|---|
| | Collateral description: Secured Lien on Debtor's property located at: 1317 East 14th Street, Brooklyn, NY 11234<br><br>Secured Amount: $998.37 | | | |
| V | *Priority Unsecured Claim of:* New York City Dept. Of Finance<br><br>Non-Priority Amount: $88,000.00 | NO | unimpaired | Paid in full on the Effective Date. |
| VI | *Priority Unsecured Claim of:* New York State Dept. of Taxation and Finance<br><br>Non-Priority Amount: $24,845.00 | NO | unimpaired | Paid in full on the Effective Date. |
| VII | Non-Insider General Unsecured claims of: all allowed non-insider general unsecured claims scheduled by the Debtor. (See ECF 19, Schedule F)<br><br>Non-Priority Amount: $1,021,188.89 | NO | impaired | Non-Insider general unsecured creditors holding allowed claims will receive distributions, which the proponent of this Second Amended Plan has valued at approximately five (5) cents on the dollar. |

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| VIII | Equity Interest Holder: Yehuda Nelkenbaum<br><br>100% Equity interest holder | unimpaired | Will continue to retain equity interest in exchange for new value contribution. |

# ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS AND RETENTION OF JURISDICTION.

5.01  A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02  No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.04  The Court will retain jurisdiction over the case to hear any claim disputes and objections.  This includes any pending tax certiorari proceedings involving the Debtor.  The Court will also retain jurisdiction to resolve any issues regarding the Second Amended Plan.

5.05  The Debtor and Marke agree that the Settlement Agreement shall be governed by, and construed, and interpreted in accordance with the laws of the Commonwealth of Pennsylvania and the Bankruptcy Code, as appropriate, and that pursuant to an Order by Judge Diamond in the U.S. District Court for Eastern District of Pennsylvania, Judge Diamond shall retain exclusive and continuing jurisdiction over the terms, conditions, interpretations, implementations, and any and all disputes relating to the Stipulation which may arise among and between the Parties.

# ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES.

6.01  <u>Assumed Executory Contracts and Unexpired Leases</u>.

All executory contracts and unexpired leases (except for tenant leases) are rejected on confirmation.  The Debtor is not aware of any other executory contracts or unexpired leases.

# ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE SECOND AMENDED PLAN.

7.01  All allowed administrative expenses and allowed tax priority claims shall be paid in full by the Effective Date of the Second Amended Plan by the Debtor using funds in Debtor's operating account with the remaining balance to be contributed by Debtor's Principal. Except that pursuant to the terms of the Settlement Agreement between the Debtor and Marke at paragraph 13 thereof, Marke has agreed to bear responsibility for 1/3 of all real estate taxes, water and sewer rents and any other municipal liens and claims due and owing through the date of delivery of the executed Deed in Lieu of Foreclosure of the East 14th Mortgaged Property.

7.02  The allowed secured claim held by the mortgagee, Marke Holdings Inc. shall be treated in accordance with the terms of that certain Settlement Agreement between the Debtor and Marke, the Debtor conveys to Marke title to the Debtor's Property by a Deed in Lieu of Foreclosure and to assign to Marke its rights under the leases.  To the extent Marke has an unsecured claim, Marke intends to vote its unsecured claim in favor of the Plan.  Marke, also, agrees to waive any distribution as an unsecured creditor.

7.03  Pursuant to § 1146(a) of the Bankruptcy Code, the exemptions from transfer taxes for property transferred under this Plan apply upon Plan confirmation. The following shall not be subject to any stamp tax, real estate transfer tax, mortgage recording tax, filing fee, sales or use tax or similar tax: (1) the execution and implementation of the Settlement Agreement, including the transfer of any assets, sale, liquidation, transfer, foreclosure, abandonment or other disposition in furtherance of the Settlement Agreement terms; (2) any restructuring transaction; or (3) the making or delivery of any deed or other instrument of transfer under, in furtherance of or in connection with the Plan, including any restructuring, disposition, liquidation or dissolution, deeds, bills of sale or assignments, applications, certificates or statements executed or filed in connection with any of the foregoing or pursuant to the Plan, and any transfer of first lien collateral in accordance with the terms of the Plan.

7.04 The allowed general unsecured claims scheduled by the Debtor will receive distributions, which the proponent of this  Second Amended Plan has valued at approximately five (5) cents on the dollar.

# ARTICLE VIII
# **GENERAL PROVISIONS.**

8.01  Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Second Amended Plan, and they are supplemented by the following definitions:

"Bankruptcy Case" shall mean this Chapter 11 bankruptcy case of the Debtors.

"Bankruptcy Court" shall mean the United States Bankruptcy Court for the Eastern District of New York.

"Confirmation Date" shall mean the date of the entry of the Confirmation Order.

"Confirmation Order" shall mean the order of the Court confirming the Second Amended Plan.

"Petition Date" shall mean September 9, 2009, the date of filing of the Bankruptcy Case by the Debtors.

8.02  Effective Date of Second Amended Plan. The Effective Date of this Second Amended Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03  Severability. If any provision in this Second Amended Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Second Amended Plan.

8.04  Binding Effect. The rights and obligations of any entity named or referred to in this Second Amended Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05  Captions. The headings contained in this Second Amended Plan are for convenience of reference only and do not affect the meaning or interpretation of this Second Amended Plan.

8.06  Controlling Effect. Unless a rule of law or procedure is supplied by federal law, including the Code or the Federal Rules of Bankruptcy Procedure, the laws of the State of New York govern this Second Amended Plan and any agreements, documents, and instruments executed in connection with this Second Amended Plan, except as otherwise provided in this Second Amended Plan.

8.07  Corporate Governance.  Pursuant to § 1123(a)(6) of the Bankruptcy Code, the Debtor shall be prohibited from issuing any non-voting equity security.  The Debtor's equity security holder shall retain its voting power.

# ARTICLE IX

## **NO DISCHARGE OF DEBTOR.**

9.01 <u>No Discharge</u>. In accordance with § 1141(d)(3) of the Bankruptcy Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

Respectfully submitted,

Dated: New York, New York **EAST FOURTEEN GARDENS INC.**
March 24, 2010

By: s/Yehuda Nelkenbaum, President

Yehuda Nelkenbaum, President

**LAW OFFICES OF DAVID CARLEBACH, ESQ.**
Attorneys for Debtor

By:   s/ David Carlebach (dc-7350)
David Carlebach (DC-7350)
40 Exchange Place
New York, New York 10005
(212) 785-3041